**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PATRICK NICHOLAS TAYLOR | § | |
| VS. | § | CIVIL ACTION NO. 9:19-CV-48 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Patrick Nicholas Taylor, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding through counsel, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the petition as barred by the statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of all the pleadings and the relevant case law, the court concludes that petitioner's objections lack merit.

**NOT FOR PRINTED PUBLICATION**

On January 28, 2015, petitioner was sentenced in the 411th Judicial District Court of Polk County, Texas, to life imprisonment for possession of methamphetamine. On June 1, 2016, the Ninth Court of Appeals affirmed the judgment on direct appeal. Because petitioner did not file a petition for discretionary review, the judgment became final on July 1, 2016. TEX. R. APP. P. 68.2(a). The one-year statute of limitations set forth in 28 U.S.C. § 2244(d) began to run the next day, and it expired on Monday, July 3, 2017, before petitioner filed any state or federal petitions challenging the conviction.

Petitioner does not argue that the petition is timely. Instead, he contends that there are circumstances warranting equitable tolling. Petitioner asserts that communication with his mother was difficult due to his incarceration, and resulted in a delay in hiring counsel to pursue habeas review. By the time his mother hired an attorney in August 2017, the limitations period had expired. Petitioner contends his attorney filed his first state application for habeas relief within a week of being hired, and he also contends that the state courts erroneously dismissed several of his state applications for procedural reasons.

Equitable tolling is available only if the petitioner diligently pursued his rights and extraordinary circumstances prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Although petitioner lacked legal representation prior to August 2017, his *pro se* status and ignorance of the law are not exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Other than attempting to hire counsel, petitioner did not take any action to protect his rights. As a result, the statute of limitations expired before counsel was hired. Petitioner did not diligently pursue his claims, and there are no exceptional circumstances that

warrant equitable tolling prior to the time counsel was hired. Therefore, this petition should be dismissed as barred by the statute of limitations.

In addition, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions

3

presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

ORDER

Accordingly, petitioner's objections (document no. 12) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge (document no. 11) is **ACCEPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

So **ORDERED** and **SIGNED** **March 21, 2020.**

_____
Ron Clark, Senior District Judge